PER CURIAM.
Appellant was placed on probation for aggravated battery. He now challenges the trial court’s order revoking his probation. We affirm the trial court’s order, but remand for the limited purpose of correcting two scrivener’s errors.
Appellant originally entered a plea of no contest, but he later withdrew his plea and-the trial court conducted an evidentiary hearing. The administrative probation order, however, reflects that Appellant entered a plea of no contest to the probation violation charge. Accordingly, we remand to the trial court to correct the record to reflect that Appellant was found guilty of violating his probation after the trial court conducted an evidentiary hearing. See Morgan v. State, 696 So.2d 850 (Fla. 2d DCA 1997).
Moreover, the final order on Appellant’s conviction for aggravated battery reflects that Appellant was adjudicated guilty, while Appellant’s probation order reflects that adjudication of guilt was withheld. On our record, we cannot discern which record document is accurate. Therefore, on remand, the trial court should also amend the record to correct this apparent inconsistency so that the record accurately reflects whether Appellant’s adjudication of guilt was withheld on his aggravated battery conviction.
As to all other issues raised in this appeal, we affirm.
AFFIRMED AND REMANDED WITH DIRECTIONS.
GLICKSTEIN, GUNTHER and POLEN, JJ., concur.